IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher J. Cummings, | ) | C/A No.: 1:22-3638-DCC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Detective Christopher Lyons; | ) | ORDER |
| Sheriff Anthony Dennis; Captain | ) | |
| Wheeler Sweat, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Christopher J. Cummings ("Plaintiff") filed this matter on October 20, 2022. On June 5, 2023, Defendants filed motions for summary judgment. [ECF Nos. 29, 30]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motions and of the need for him to file adequate responses by July 7, 2023. [ECF No. 31]. Plaintiff was specifically advised that if he failed to respond adequately, the motions may be granted. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff failed to respond to Defendants' motions.

On July 11, 2023, the undersigned directed Plaintiff to advise the court whether he wishes to continue with this case and to file responses to the motions by July 25, 2023. [ECF No. 32]. On July 19, 2023, Plaintiff filed a

motion to appoint counsel, in which he also informed the court he was scheduled to be transferred to Kirkland Correctional Institution the week of July 17–July 21.

First, Plaintiff's appointment of counsel [ECF No. 34] is denied. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown any exceptional circumstances exist in this case.

After a review of the file, this court has determined there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

Given Plaintiff's change in location, the court cannot be assured that he

received the court's July 11, 2023 order. Therefore, the undersigned extends Plaintiff's deadline to respond to the motions for summary judgment until August 15, 2023. Plaintiff is advised that if he fails to respond, the undersigned will recommend this case be dismissed for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

July 31, 2023                                    Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge