IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Christopher Cummings, | ) | C/A No. 1:22-cv-03638-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| William Lyons, Sheriff Anthony Dennis, | ) | |
| Captain Wheeler Sweat, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendants' Motions for Summary Judgment. ECF Nos. 29, 30. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling and a Report and Recommendation ("Report"). On September 5, 2023, the Magistrate Judge issued a Report recommending that the Motions be granted. ECF No. 40. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. On September 29, 2023, the Court received a letter from Plaintiff. In the letter Plaintiff indicated that he has been moved to another facility and stated that he wanted to proceed with his case. ECF No. 44. The Court issued the following text order:

> Based upon Plaintiff's letter received on September 29, 2023, it appears he may not have received a copy of the Report and Recommendation. Accordingly, the Clerk of Court is directed to remail the Report and Recommendation to Plaintiff's updated address. Plaintiff's objections to the Report are due by December 4, 2023, plus three days mail time.

ECF No. 46. The Court has not received any further communications from Plaintiff.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## DISCUSSION

The Court construes Plaintiff's letter as objections to the Report. In his objections, Plaintiff generally states that he wants to proceed with his case. He further states that Defendant Lyons's counsel has informed him that his "matter is not ag[ain]st agent Detective Christopher Lyons but I do have a case with Sumter Lee Detention Center for refusing my medical att[ent]ion and the reason why I can't feel my right side from time to time because I have [a] pinched nerve and I also can barely use by arm . . . ." ECF No. 44. Presumably, Plaintiff is referring to the clarification in Defendant Lyons identity discussed by the Magistrate Judge in footnote 1 of the Report. ECF No. 40 at 1 n.1. Liberally construed, the Court finds that Plaintiff has failed to address the Report's recommendations. Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law.

Upon such review, the Court agrees with the recommendation of the Magistrate Judge.[1]

Accordingly, the Motions for Summary Judgment [29, 30] are **GRANTED**.

    IT IS SO ORDERED.

                                              s/ Donald C. Coggins, Jr.
                                              United States District Judge

January 30, 2024
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] As to Plaintiff's claim for deliberate indifference to serious medical needs, the Court notes the issuance of the Fourth Circuit's opinion in *Short v. Hartman*, __ F.4th __, __, Nos. 21-1396/1397, 2023 WL 8488148, at *8-10 (4th Cir. Dec. 8, 2023). However, the Court finds that this decision does not alter the outcome of this action and specifically acknowledges and agrees with the Magistrate Judge's notation that Plaintiff has "failed to indicate how the named Defendants were responsible for the medical treatment provided, or not provided, to him while he was detained." ECF No. 40 at 17 n.9.